IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WILLIAM J. LATTUGA,

    Plaintiff,

Case No. 1:09-cv-416

-vs-

Magistrate Judge Michael R. Merz

UNITED STATES POSTAL SERVICE,

    Defendant.

**DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE**

This Federal Tort Claims case is before the Court on Defendants' Motion in Limine (Doc. No. 26) and Plaintiff's Response (Doc. No. 28).

Defendants seek to exclude Dr. Steven R. Pledger, an orthopedic physician, and Larry McGuire, a chiropractor, who, although identified as expert witnesses by Plaintiff, did not furnish expert reports. Defendants assert such reports are required by Fed. R. Civ. P. 26(a)(2)(B).

Opposing the Motion in Limine, Plaintiff argues that he was not required to file a written report for these two witnesses because they are treating physicians and thus exempt from the report requirement of Fed. R. Civ. P. 26(a)(2)(B) (Response, Doc. No. 18, PageID 168). He also claims that "through the discovery process, Defendants have received documents describing these physicians treatment and opinions." *Id.* He analogizes this case to *Fielden v. CSX Transp., Inc.*, 482 F.3d 866 (6th Cir. 2007).

Plaintiff's Expert witness disclosure contains the following information about Drs. Pledger and McGuire:

**EXPERT WITNESSES**:

Larry McGuire, D.C.
Affordable Chiropractic
4572 Montgomery Rd.
Cincinnati, OH 45212
Larry McGuire, D.C. and Randall Fick, D.C. was [sic[1]] involved in
the determining the cause and manner of William Lattuga's injury. He
may also have information regarding but not limited
to circumstances and events that caused the incident.

Stephen R. Pledger, M.D.
Pledger Orthopaedic & Spine Center
5900 Long Meadow Drive
Franklin, OH 45005
Stephen R. Pledger, M.D. was involved in the determining the cause
and manner of William Lattuga's injury. He may also have
information regarding but not limited to circumstances and events that
caused the incident.

(Plaintiff's Notice of Disclosure of Expert Witnesses, Doc. No. 19, PageID 37.)

The Advisory Committee Note on the 1993 amendment to Fed. R. Civ. P. 26(a)(2)(B) is well known to exclude treating physicians as an example of testifying experts not required to prepare a report. Numerous cases interpret the "treating physician" exception to the expert report requirement and limit treating physicians to testimony based on their treatment. See *Mohney v. USA Hockey*, Inc., 138 Fed. Appx. 804, 810, (6th Cir. 2005), citing *Harville v. Vanderbilt University, Inc.*, 95 Fed. Appx. 719 (6th Cir. 2003), and *Ridder v. City of Springfield,* No. 95-3358, 1997 WL 117024 (6th Cir. Mar. 13, 1997),108 F.3d 1377 (6th Cir. 1997)(table)(upholding the undersigned's limitation of treating physician testimony to what was observed in the course of diagnosis and treatment). In *Fielden*, the court discussed at some length the treating physician exception and its purpose and scope.

---

[1] The Court presumes there is no intention of calling Randall Fick as a witness.

The record in this case is much less developed than that in *Fielden*. There the treating physician testified that the cause of plaintiff's carpal tunnel syndrome was his use of a plate jack at work for CSX. 482 F.3d at 867. This was an opinion he formed in the course of treating Mr. Fielden and he applied to the case his ordinary medical training:

> Nor is this case inconsistent with those that have focused on the content of the physician's testimony. For example, courts are more likely to require a treating physician to provide an expert report if the condition at issue leaves room for debate as to the specific ailment and its sources. See *Gonzalez v. Executive Airlines*, 236 F.R.D. 73, 81 (D. P.R. 2006) (discussing post traumatic stress disorder). In such circumstances, an opposing party will be less prepared to depose a treating physician without an expert report. Here, in contrast, CSXT cannot claim that confusion as to the nature of the treating physicians' testimonies prevented it from preparing for the depositions. CSXT was aware that the treating physicians planned to testify that repetitive wrist movement, as might occur with the use of a "plate jack," might cause carpal tunnel syndrome in some patients and did in fact, cause Fielden's injuries. See The Merck Manual of Diagnosis and Therapy 491 (Mark H. Beers & Robert Berkow eds.) (1999) ("Activities on jobs that require repetitive flexion and extension of the writs (eg, keyboard use) may pose an occupational risk.").

*Fielden*, 482 F.3d at 871-872. Here the Defendants have not deposed Drs. Pledger and McGuire, so far as the Court can tell. Indeed, their identity was disclosed September 1, 2010, several months after the July 1, 2010, discovery cut-off (See Calendar Order, Doc. No. 14).

Nor do the Defendants know, at least from what has been given to the Court, what opinions Dr. Pledger has about causation. As Defendants point out, causation is a critical issue in this case because Plaintiff was involved in another motor vehicle accident about six weeks before the collision involved in this case. (Motion, Doc. No. 26, PageID 163.)

From Dr. McGuire the Court has a one-page letter addressed to "Glen with Workers Compensation" dated June 29, 2007, in which he recites that both accidents occurred, that neither was Plaintiff's fault, and that the second accident aggravated the original injuries and resulted in "two new

injuries a thoracic sprain and left sciatica." (PageID 173).  Presumably this document was furnished to Defendants.  It clearly includes some matter beyond what Dr. McGuire could have observed in his treatment, i.e., how the accidents happened.

The documents the Court has been furnished from Dr. Pledger apparently consist of office notes, although there is no explanatory cover letter.  They are internally inconsistent.  For example, the History and Physical Report #1 (PageID 175) which purports to record data taken at 10:19 on May 2, 2008, says that Mr. Lattuga was not referred by anyone, that his pain "began sudden following an incident at work," and that he has had a prior "posterior lumbar interbody fusion." However, his History and Physical Report #5 as of January 29, 2009, shows a Kirk Smith, D.O., as a referring physician, that the "back and leg pain were caused by automobile accident," and that there have been no prior spine surgeries. (PageID 184.)

Effective December 1, 2010, Fed. R. Civ. P. 26(a)(2)(C) will be added to Rule 26 to require that Rule 702 witnesses who are not subject to the written report requirement will be required to provide a "summary of the facts and opinions to which the witness is expected to testify."  The amendment was adopted to "resolve a tension," reflected in the case law cited above and manifest in the instant Motion, between requiring full expert reports from those not specially retained and leaving parties exposed to expert opinions which have not been disclosed prior to trial.  Because the amendment was not in place at the time expert disclosure was required here, it does not dispose of the instant Motion.  Instead, the Court must do its best to apply *Fielden* in this different factual context.

Accordingly, the Motion in Limine is denied insofar as it seeks to exclude observations and opinions formed during treatment by Drs. Pledger and McGuire.  Furthermore, they may testify to opinions about causation to the extent those opinions relate to their treatment and ordinary medical

training in the way Dr. Fischer's opinion about causation of carpal tunnel syndrome by use of the plate jack related to his treatment and ordinary medical training, but not beyond that.  Compare *Mohney,* 138 Fed. App'x at 811(treating physician viewed videotape of accident; there was no proof he reached his causation opinions at the time he treated the patient).  However, the Motion is granted to preclude expert testimony by either doctor beyond the scope permitted in this paragraph.

November 29, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge
